13-3532-cv
*Greene v. Brentwood Union Free School District, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of August, two thousand and fourteen.

PRESENT: JOHN M. WALKER, JR.,
RICHARD C. WESLEY,
DEBRA A. LIVINGSTON,
*Circuit Judges.*

---

BETTY F. BROWN GREENE,

*Plaintiff-Appellant,*

-v.-                                        No. 13-3532-cv

BRENTWOOD UNION FREE SCHOOL DISTRICT, BOARD OF EDUCATION, BRENTWOOD UNION FREE SCHOOL, GEORGE TALLEY, INDIVIDUALLY AND AS PRESIDENT BOARD OF EDUCATION, BRENTWOOD UFSD, LORRAINE PACE, INDIVIDUALLY AND AS TRUSTEE, BOARD OF EDUCATION, BRENTWOOD UFSD, STEPHEN COLEMAN, INDIVIDUALLY

1

AND AS TRUSTEE BOARD OF EDUCATION, BRENTWOOD UFSD, ROLAND JIMENEZ, INDIVIDUALLY AND AS TRUSTEE, BOARD OF EDUCATION, BRENTWOOD UFSD, DONNA JONES, INDIVIDUALLY AND IN HER CAPACITY AS SUPERINTENDENT OF SCHOOLS BRENTWOOD UNION FREE SCHOOL DISTRICT, JOAN LANGE, INDIVIDUALLY AND IN HER CAPACITY AS ASSISTANT SUPERINTENDENT OF SCHOOLS, BRENTWOOD UNION FREE SCHOOL DISTRICT,

*Defendants-Appellees.*

FOR APPELLANT:     HARRIET A. GILLIAM, Riverhead, NY.

FOR APPELLEES:     LEWIS R. SILVERMAN (Caroline B. Lineen, *on the brief*), Rutherford & Christie, LLP, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment is **AFFIRMED**.

Betty F. Brown Greene ("Greene") appeals from an August 16, 2013 judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*) adopting the Report and Recommendation of Magistrate Judge Lindsay granting summary judgment in favor of Brentwood Union Free School District ("Defendants" or "District").  We assume the parties' familiarity with the underlying facts, procedural history, and issues for review.[1]

---

[1] Appellant's motion to accept her late-filed reply brief is GRANTED.

Greene contends that the district court erred in concluding that she failed to present direct evidence of defendants' discriminatory animus. We disagree. Each of the three pieces of direct evidence proffered by Greene is inadequate to its task. The deposition testimony from Thomas O'Brien, Greene's union representative, describing a racial comment by a school Board member, was properly regarded as a "stray remark" by the district court that had "little tendency to show that the decision-maker was motivated by the discriminatory sentiment expressed in the remark." *Tomassi v. Insignia Fin. Grp., Inc.*, 478 F.3d 111, 115 (2d Cir. 2007). Next, the testimony of O'Brien and Defendant Donna Jones commenting on a coworker's affidavit reiterating derogatory comments allegedly made by a Board member is inadmissible hearsay and therefore does not constitute direct evidence of Talley's discriminatory animus. *See* Fed. R. Civ. P. Rule 56(e). Finally, Greene's reliance on a chart of complaints of discrimination that was produced by the District in response to Greene's discovery demands is unavailing as the complaints and charges are also inadmissible hearsay and not evidence of discrimination.

Greene's next argument is that the district court improperly applied the *McDonnell Douglas* burden-shifting analysis by finding that there had been no

adverse employment action and that the circumstances did not give rise to an inference of discrimination.  We disagree.  Jones' recommendation of termination was not a constructive discharge because that recommendation did not make it "so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign."  *Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184, 1188 (2d Cir. 1987).  And, the District satisfied its minimal burden to articulate a legitimate, non-discriminatory justification for its "action" against Greene.  *See Fisher v. Vassar Coll.*, 114 F.3d 1332, 1335–36 (2d Cir. 1997).

Greene's argument that the District discriminated against her when it did not promote her to Principal is similarly unavailing.  Greene had notified the district of her intention to retire before the Board began the process for filling the position.  State law prohibited the District from employing Greene without a special waiver from the Commissioner of Education, *see* N.Y. Retire & S.S. § 211(2)(a)(2), which could only be issued after the District filed a request, certifying, among other things, "that there are not readily available other persons who are not retired persons qualified to perform the duties to be assigned,"  N.Y. Comp. Codes R. & Regs. tit. 8, § 80-5.5.  The New York retirement law states a condition precedent to promoting Greene, which Greene did not meet.  Qualified

4

candidates were available who met the condition.  The District's justification that it would be violating New York retirement law if it certified the need to hire a retired candidate was not pretextual because it was, in fact, a legitimate and accurate explanation for its decision.

Greene next argues that the district court erred in dismissing her Title VII retaliation claim.  However, Greene's complaints about discrimination were made after Jones' decision to recommend her termination.  There is no possible causal nexus "between the protected activity and the adverse action."  *Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 205–06 (2d Cir. 2006) (citation omitted).

Lastly, Greene argues that the district court improperly dismissed her claims under 42 U.S.C. §§ 1981 and 1983.  However, as the district court properly stated, Greene failed to present a constitutional violation and that is fatal to her claims.  *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983).

We have considered Greene's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk